In the United States District Court
For the Central District of Illinois
Springfield Division

MICHAEL DEAN, )
  )
  Plaintiff )
  )
  v. ) Case No.
  )
ILLINOIS DEPARTMENT OF CORRECTIONS, )
DEE DEE BROOKHART, KELLY RICHARDSON, )
ROB JEFFREYS, and JOHN BALDWIN, )
  )
  Defendants. ) **Jury Trial Demanded**

**Complaint**

Now Comes the Plaintiff, MICHAEL DEAN ("Dean"), by and through his undersigned counsel, John A. Baker, and in support of his complaint against the Defendants, ILLINOIS DEPARTMENT OF CORRECTIONS ("DOC"), DEE DEE BROOKHART ("Brookhart"), KELLY RICHARDSON ("Richardson"), ROB JEFFREYS ("Jeffreys"), and JOHN BALDWIN ("Baldwin") states as follows:

**I. Jurisdiction and Venue**

1. Dean alleges that the DOC violated his rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ( the "FMLA"). This is a federal statute vesting jurisdiction in this Court under 28 U.S.C. § 1331.

2. Dean further maintains that the individual defendants, Brookhart, Richardson, Jeffreys, and Baldwin violated his rights under the United States Constitution. Those claims are all brought under 42 U.S.C. § 1983. All of the claims against the individual defendants involve a federal question which vests this Court with jurisdiction under 28 U.S.C. § 1331.

3. Dean, at the times the incidents giving rise to this litigation occurred, was employed by the DOC.

4. The DOC is a state agency that is headquartered in Springfield, Illinois, making venue appropriate in this Court.

## II. Nature of this lawsuit

5. Dean maintains this lawsuit against the DOC by alleging that his rights under the FMLA have been violated. The United States Department of Labor has explained:

> The FMLA was predicated on two fundamental concerns—the needs of the American workforce, and the development of high-performance organizations. Increasingly, America's children and elderly are dependent upon family members who must spend long hours at work. When a family emergency arises, requiring workers to attend to seriously-ill children or parents, or to newly-born or adopted infants, or even to their own serious illness, workers need reassurance that they will not be asked to choose between continuing their employment, and meeting their personal and family obligations or tending to vital needs at home. 29 CFR § 825.101(b).

6. The FMLA is both prescriptive, in that it imposes certain affirmative obligations on employers, and it is restrictive, in that it precludes employers from retaliating against individuals who engage in activities that are protected under the FMLA.

7. In enacting the FMLA Congress ordered the Secretary of Labor to develop regulations "necessary to carry out" its terms. 29 U.S.C. § 2654.

8. It is unlawful for any employer to interfere with an employee's exercise of rights under the FMLA or the attempt to exercise those rights. 29 U.S.C. § 2615(a)(1); 29 CFR § 825.220(a).

9. Any violation of the FMLA or of the regulations promulgated by the Secretary "constitute interfering with, restraining, or denying the exercise of rights provided by the

[FMLA]." 29 CFR § 825.220(b); *see also* 29 U.S.C. §2615(a)(1).

10. Count II of this complaint is brought under the Due Process Clause of the Fourteenth Amendment. In that count Dean contends that he had a property interest in his job with the DOC and that he was not provided with adequate post-deprivation process after he was suspended from his position on February 2, 2019.

11. Count II of Dean's complaint is brought against Baldwin, Brookhart, Richardson, and Jeffreys.

12. Count III of Dean's complaint is brought under the Due Process Clause of the Fourteenth Amendment. It alleges that he had a protected property interest in his job and that he was denied a meaningful opportunity to be heard prior to the termination of his employment with the DOC.

13. Count III is brought against Richardson and Brookhart.

14. Count IV of Dean's complaint is brought under the Equal Protection Clause of the Fourteenth Amendment. In this claim Dean alleges that he was discriminated against because he was classified as belonging to a specific group. He contends he was terminated because he had been arrested and that arrestees are a suspect class.

15. Count IV of Dean's complaint is brought against Brookhart, Richardson and Jeffreys.

16. Count V of Dean's complaint is brought under the Equal Protection Clause of the Fourteenth Amendment. In this claim Dean alleges that his employment was terminated because of his gender.

17. Count V of Dean's complaint is brought against Brookhart and Richardson.

## III. Parties

18. Dean is an adult resident of the State of Illinois. He was previously employed by the DOC as a Correctional Officer at the Lawrence Correctional Center. His employment with the DOC began on June 4, 2012, and was involuntarily terminated on July 17, 2019.

19. The DOC is a large state agency that employs in excess of 1,000 people.

20. Brookhart, at all times relevant to this proceeding, has been employed by the DOC as the acting warden of the Lawrence Correctional Center. She is named in this proceeding in her individual capacity and, for the limited purpose of implementing equitable relief, in her official capacity.

21. Richardson, at all times relevant to this proceeding, was employed by the DOC as an Administrative Assistant II at the Lawrence Correctional Center. She is named in this proceeding in her individual capacity.

22. Baldwin was previously employed by the DOC as its Director. He served in that capacity until approximately May of 2019. He is named in this proceeding in his individual capacity.

23. Jeffreys currently serves as the Director of the DOC and has served in that position since May of 2019. He is named in this proceeding in his individual capacity and, for the limited purpose of implementing equitable relief, in his official capacity.

24. The DOC is an "employer" as that term is defined by the FMLA.

## IV. Factual Background

25. On December 12, 2018, Dean was injured at work when a portion of his thumb was bitten off by an inmate.

26. The injury necessitated that he take time off from work.

27. As a result of the injury, Dean was eligible for and entitled to FMLA leave.

28. On December 18, 2018, Dean, who was not working, was arrested and charged with a Class A misdemeanor of domestic battery. Dean denied any allegations that he had committed any type of domestic battery.

29. On January 7, 2019, Dean was arrested for possession of marijuana and marijuana paraphernalia in Knox County, Indiana.

30. Dean, as a correctional officer employed by the DOC, had a property interest in his position of employment.

31. Illinois law provides that, under certain circumstances, an employee who has been arrested can be suspended, without pay. *See* 80 Ill.Admin.Code § 302.785.

32. On February 2, 2019, Dean was suspended from his position without pay at the request of Baldwin.

33. The sole stated reason that Dean was suspended without pay on February 2, 2019, was because he had been arrested and charged with domestic battery in Wabash County, Illinois. There was no reference to his arrest on January 7, 2019.

34. On February 26, 2019, the State's Attorney of Wabash County, Illinois, decided to nolle prosequi the domestic battery against Dean.

35. Dean notified the DOC that the claim had been dismissed against him and requested that he be reinstated.

36. The DOC, through Baldwin, Brookhart and Richardson refused to reinstate Dean and refused to consider his request that he be reinstated.

37. On April 25, 2019, Dean entered into a pre-trial diversion agreement with Knox County, Indiana. The agreement provided that he would not be prosecuted for his arrest for marijuana and marijuana paraphernalia.

38. Dean notified the DOC of the pre-trial diversion agreement and again requested that he be brought back to work.

39. The DOC, despite the fact that the sole basis for his suspension – his arrest for domestic battery – had been dismissed on February 26, 2019, continued to refuse to reinstate Dean.

40. On May 13, 2019, Richardson – at the request of Brookhart – identified charges against Dean and requested that a pre-deprivation hearing occur.

41. On May 24, 2019, pursuant to the request of Brookhart and Richardson, a pre-deprivation hearing was held involving Dean.

42. Prior to the pre-deprivation hearing Brookhart directed that the decision to terminate Dean had already been made and directed that the findings of the hearing be that Dean's employment was to be terminated.

43. On June 21, 2019, Dean – who had never been returned to work from his previous suspension – was placed on suspension without pay pending discharge.

44. On July 21, 2019, Dean's employment with the DOC was terminated.

45. The only stated reasons that Dean was terminated from his employment was the fact that he had been arrested two times.

## Count I
*FMLA Interference and Retaliation as to the DOC*

46. Paragraphs 1-45 are incorporated herein.

47. As a result of the injury that Dean sustained to his thumb, he was eligible for and entitled to FMLA leave.

48. The DOC was aware of Dean's injury and his need for leave under the FMLA.

49. Despite the DOC's knowledge of Dean's need for FMLA, the DOC failed to provide Dean with the documents he is entitled to receive under the FMLA.

50. The DOC interfered with Dean's rights under the FMLA. It failed to reinstate Dean when he was medically allowed to be reinstated.

51. Further, the DOC retaliated against Dean on the basis that he utilized rights under the FMLA.

52. As a result of the foregoing, Dean has sustained damages. These damages are in the form of lost wages and benefits that he would have received had his employment not been unlawfully suspended and terminated.

Wherefore, Dean respectfully requests that this Court enter an order finding and providing as follows:

1. An order reinstating Dean to his position with the DOC.

2. An order directing the DOC to compensate him for his lost wages resulting from his suspension and termination.

3. An award of liquidated damages.

4. An award of pre-judgment interest.

5. An award of attorney fees associated with bringing this claim.

6. Any other order that is just and appropriate.

**Dean requests a jury trial**

## Count II
*Due Process as to Baldwin, Brookhart, Richardson, and Jeffreys*

53. Paragraphs 1- 45 are incorporated herein.

54. Dean had a property interest in his position of employment with the DOC. 20 ILCS 415/11.

55. Due process requires adequate pre-deprivation and post-deprivation process.

56. As to Dean's suspension pending judicial determination that began on February 2, 2019, Dean was not afforded any meaningful post-deprivation process.

57. Dean requested that he be reinstated and his requests were ignored without providing him any meaningful opportunity to be heard on the issue.

58. After Dean was initially suspended, he was provided with no due process rights before he was terminated.

59. The failure to provide Dean with post-deprivation process after his suspension was implemented violates his rights under the Due Process Clause.

60. Dean sustained damages as a result.

61. In this claim Dean seeks damages as to Baldwin, Brookhart, Richardson, and Jeffreys.

62. As to Brookhart and Jeffreys, Dean also seeks equitable relief as well. Specifically, he requests that he be reinstated into his former position of employment and to have any record of discipline purged.

63. Dean asks that this Court issue the following orders:

A. A finding that his Due Process rights under the Fourteenth Amendment were violated.

B. An order directing that he be reinstated to his position of employment.

C. Order that Brookhart, Richardson, Baldwin, and Jeffreys pay him damages for his lost wages and other damages that they have sustained.

D. Enter an order that Brookhart, Richardson, Baldwin, and Jeffreys must pay his attorney fees and costs associated with bringing this lawsuit.

E. Order that he be awarded punitive damages.

F. Any other relief that is appropriate.

**Plaintiff Requests a Jury Trial as to this Count**

**Count III**
*Due Process as to Richardson and Brookhart*

64. Paragraphs 1-45 are incorporated herein.

65. In his position of employment with the DOC Dean was protected under the Illinois Personnel Code, which provides that an employee can not be terminated without pay without cause. 20 ILCS 415/11.

66. The Illinois Personnel Code created a property interest for Dean in his position of employment.

67. Prior to Dean's termination he entitled to have an opportunity to be heard as to the charges against him. Such a meeting was to take place on May 24, 2019.

68. Despite the fact that Dean was provided with an opportunity to be heard, that opportunity was a sham. Prior to that opportunity Richardson and Brookhart had directed that his employment was to be terminated.

69. For all intents and purposes, the decision to terminate Dean's employment had been made before the pre-deprivation hearing occurred.

70. Dean was not afforded any meaningful opportunity to respond to the allegations against him because Richardson and Brookhart already made the decision that his employment was going to be terminated.

71. In taking these actions Richardson and Brookhart have violated Dean's rights to procedural due process under the Fourteenth Amendment.

72. As a result of this violation Dean has sustained both financial and non-financial injuries.

Wherefore, Dean respectfully requests that this Court enter an order finding as follows:

1. That Richardson and Brookhart violated Dean's rights under the Fourteenth Amendment.

2. Award Dean both economic and non-economic damages.

3. Award Dean punitive damages.

4. Award Dean attorney fees.

5. Equitable relief reinstating Dean to his former position of employment.

**Dean requests a jury trial**

**Count IV**
*Equal Protection under the Fourteenth Amendment as to Brookhart, Richardson, and Jeffreys*

73. Paragraphs 1-45 are incorporated herein.

74. Dean is in a clearly identifiable class of individuals. Namely, he is in a class of individuals who have been subjected to arrest.

75. Despite the fact that Dean was never convicted for any charges, his employment was terminated by Brookhart, Richardson, and Jeffreys for the stated reason that he had been arrested.

76. Dean's employment with the DOC was terminated by Brookhart, Richardson, and Jeffreys because he was in a suspect class of individuals.

77. In this claim Dean seeks damages as to Brookhart, Richardson, and Jeffreys.

78. As to Brookhart and Jeffreys, Dean also seeks equitable relief as well. Specifically, he requests that he be reinstated into his former position of employment and to have any record of discipline purged.

79. Dean asks that this Court issue the following orders:

A. A finding that his Equal Protection rights under the Fourteenth Amendment were violated.

B. An order directing that he be reinstated to his position of employment.

C. Order that Brookhart, Richardson, and Jeffreys pay him damages for his lost wages and other damages that they have sustained.

D. Enter an order that Brookhart, Richardson, and Jeffreys must pay his attorney fees and costs associated with bringing this lawsuit.

E. Order that he be awarded punitive damages.

F.  Any other relief that is appropriate.

**Plaintiff Requests a Jury Trial as to this Count**

# Count V
*Equal Protection under the Fourteenth Amendment as to Brookhart and Richardson*

80. Paragraphs 1-45 are incorporated herein.

81. Dean is in a clearly identifiable class of individuals. In this respect he is male.

82. Brookhart and Richardson have discriminated against Dean because of his gender in violation of his rights to Equal Protection by terminating his employment.

83. In this claim Dean seeks damages as to Brookhart and Richardson.

84. As to Brookhart, Dean also seeks equitable relief as well. Specifically, he requests that he be reinstated into his former position of employment and to have any record of discipline purged.

85. Dean asks that this Court issue the following orders:

A. A finding that his Equal Protection rights under the Fourteenth Amendment were violated.

B. An order directing that he be reinstated to his position of employment.

C. Order that Brookhart and Richardson pay him damages for his lost wages and other damages that they have sustained.

D. Enter an order that Brookhart and Richardson must pay his attorney fees and costs associated with bringing this lawsuit.

E. Order that he be awarded punitive damages.

F. Any other relief that is appropriate.

**Plaintiff Requests a Jury Trial as to this Count**

Michael Dean

By: /s/ John A. Baker
    His Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:       (217) 522-3445
Facsimile:       (217) 522-8234
Email:           jab@bbklegal.com